UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Prem Kumar Bhama,

      Plaintiff,

v.                                                    Case No. 08-11560

Mercy Memorial Hospital Corporation,        Honorable Sean F. Cox
a Michigan Domestic Nonprofit Corporation,
a/k/a Mercy Memorial Hospital System, a
Michigan Domestic Nonprofit Corporation,

      Defendant.

_____/

## ORDER REGARDING SUPPLEMENTAL BRIEFING

On June 11, 2009, this matter came before the Court on Defendant's Motion for

Summary Judgment.  As explained at that hearing, the Court is **ORDERING** supplemental

briefing by the parties on the following issues:

A.    Supplemental Briefs Addressing Fourth Prong Of Failure To Promote Prima Facie Case:

Both parties agreed at the June 11, 2009 hearing that Plaintiff asserts "failure to promote

claims" in this action.  The Sixth Circuit has held that "a plaintiff with a discrimination claim

based on a failure to promote must demonstrate" that: 1) he is a member of a protected class; 2)

he applied for and was qualified for a promotion; 3) he was considered for and was denied the

promotion; and 4) an "individual of similar qualifications who was not a member of the

protected class received the job at the time plaintiff's request for the promotion was denied."

*White v. Columbus Metropolitan Housing Auth.*, 429 F.3d 232, 240 (6th Cir. 2005); *Nguyen v.

City of Cleveland*, 229 F.3d 559, 562-63 (6th Cir. 2000); *Brown v. City of Cleveland*, 294 Fed.

1

Appx. 226, 231, 2008 WL 4372950 (6th Cir. 2008).  Although neither party cited that authority

or applied that specific prima facie case in their briefs, both parties agreed at the June 11, 2009

hearing that Plaintiff satisfies the first three prongs.  Thus, the only dispute between the parties,

as to whether Plaintiff can establish a prima facie failure to promote claim, is whether Plaintiff

can satisfy the fourth prong.

In *White,* the Sixth Circuit explained that "in order to satisfy the fourth prong of the

prima facie burden in a failure to promote case, it is incumbent upon the plaintiff to establish that

[]he and the non-protected person who ultimately was hired for the desired position had similar

qualifications."  *White*, 429 F.3d at 242.

The Court hereby **ORDERS** that Plaintiff shall file a supplemental brief of no more than

5 pages addressing the fourth prong, with respect to each of the two positions that Plaintiff

sought, no later than **June 25, 2009.**  Defendant shall file a supplemental brief of no more than 5

pages, on that same issue, no later than **July 9, 2009.**

B.    Supplemental Briefs Regarding Pretext, In Relation To Plaintiff's Failure To Promote
      Claims:

A plaintiff who is trying to show that his employer's stated reasons for the challenged

action are pretextual is required to present evidence that establishes, by a preponderance of the

evidence, that the stated reasons: 1) had no basis in fact; 2) did not actually motivate the

employer's action; or 3) were insufficient to motivate the action.  *Niswander v. Cincinnati Ins.*

*Co.*, 529 F.3d 714, 728 (6th Cir. 2008) (citing *Manzer v. Diamond Shamrock Chems. Co.*, 29

F.3d 1078, 1084 (6th Cir. 1994)).

The Court hereby **ORDERS** that by **June 25, 2009**, Plaintiff shall file a supplemental

brief that *individually addresses* each of the 8 non-discriminatory reasons that Defendant

proffered as to why Plaintiff did not receive the promotions at issue.  The brief should address each reason in a separate section and with respect to each reason, Plaintiff must: 1) identify which of the three methods for showing pretext the Plaintiff relies on; and 2) then identify all record evidence that Plaintiff relies on to establish pretext.  Plaintiff's brief shall be no more than 8 pages.  Defendant may file a brief of equal length by **July 9, 2009.**

      **IT IS SO ORDERED**.


            S/Sean F. Cox                  
            Sean F. Cox
            United States District Judge

Dated: June 11, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2009, by electronic and/or ordinary mail.

            S/Jennifer Hernandez           
            Case Manager